**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHANE WHITE ) | Case Number |
| TAMMY WHITE ) | |
| ) | |
|     **Plaintiffs** ) | |
| ) | **CIVIL COMPLAINT** |
|    vs. ) | |
| ) | |
| BUREAU OF COLLECTION RECOVERY, ) | **JURY TRIAL DEMANDED** |
| INC. ) | |
| ) | |
|     **Defendant.** | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs by and through their undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Shane White (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  Shane White is the son of plaintiff, Tammy White.

2.     Plaintiff, Tammy White, is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.   Tammy White is the mother of plaintiff, Shane White.

## II.  JURISDICTION

3. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

4. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania, is actively licensed to do business here and has a registered agent here for service of process.

## III.  PARTIES

5. Plaintiff, Shane White, is an adult individual and citizen of the State of Ohio, residing at 32750 Fields Road, Richwood, Ohio  43344.

6. Plaintiff, Tammy White, is an adult individual and citizen of the State of Ohio , residing at 32750 Fields Road, Richwood, Ohio 43444.

7. Defendant, Bureau of Collection Recovery, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debts in the fifty (50) states, including the Commonwealth of Pennsylvania.  It has an active license to do business in the Commonwealth of Pennsylvania, with its registered agent at 1515 Market Street, Philadelphia, Pennsylvania 19103.

8. Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

9. In or around February 2008, defendant commenced a series of telephone calls to plaintiff, Tammy White, about a purported consumer debt to Verizon in the

approximate amount of $80, owed by her son, plaintiff, Shane White.  On February 22, 2008, defendant called and left a message without identifying itself or the party to which the call was intended.  Ms. White returned the call and was advised by the caller of the details of a Verizon debt purportedly owed by her son.  She was additional provided with personal financial information about Shane White relating to the debt.

10. In this call, the defendant asked to speak with Shane White even after Tammy White stated several times he was not home.  In addition, when Ms. White protested that the debt was not her debt and even provided her son's cell phone number to the caller so that direct contact could be made, the caller lied and told Tammy White that Verizon had sued Shane White and Verizon was now entitled to payment of the amount due.  Verizon never filed a lawsuit against Shane White.  Defendant lied to intimidate, harass and deceive Tammy White into putting pressure on her son to pay the purported debt.

11. After providing defendant with her son's cell phone number on several occasions, defendant continued to call Ms. White, harassing her about the purported debt.  She consistently advised the caller it was not her debt and continued to provide her son's cell phone number so that direct contact could be made.  Defendant ignored Tammy White and persisted in calling her and harassing her about the purported debt they knew was not hers.

12. Defendant violated Shane White's rights under the FDCPA by discussing the purported debt with a third party and providing personal information about Shane White to a third party about the debt.

13.     Defendant additionally violated the FDCPA by lying to Tammy White about a lawsuit between Verizon and Shane White that was never filed, let along reduced to judgment.  Defendant lied to intimidate and deceive Tammy and Shane White in an effort to coerce payment of the debt from Shane White.  This deceptive, false, deceitful, and reckless conduct relative to Mr. White's purported debt are violations of the FDCPA, for which plaintiffs have suffered damages.

## COUNT I
## SHANE WHITE AND TAMMY WHITE  V. BUREAU OF COLLECTION RECOVERY, INC.
### FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

14.     The above paragraphs are hereby incorporated herein by reference.

15.     Defendant violated the FDCPA in the following respects:

a.      15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

b.      15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

c.      15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, Shane White and Tammy White in connection with the collection of a debt.

      d.      15 U.S. C. (b)(2), in that Defendant told Tammy White that Shane White owed a debt.

      e.      15 U.S.C. (b)(3), in that Defendant contacted Tammy White more than once even after she provided Defendant with Shane White's cell phone number and asked defendant never to call her again.

      f.      15 U.S.C. (b)(1), in that Defendant failed to identify themselves and failed to state that the collector was confirming or correcting location information about Shane White.

      16.      As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

      **WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant and Order the following relief:

      a.      Declaratory judgment that the Defendant's conduct violated the FDCPA;

      b.      Actual damages;

      c.      Statutory damages pursuant to 15 U.S.C. §1692k;

      d.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      e.      Such addition and further relief as may be appropriate or that the interests of justice require.

      **V.**      **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN, VULLINGS & VASSALLO, LLP**

**Date:  5/21/08**          **BY:      /s/Carol L. Vassallo_____**
Carol L. Vassallo
Warren,Vullings & Vassallo LLP
Identification No. 45372
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff